UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBRA L. HURST, | CASE NO. 5:11CV667 |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| | Magistrate Judge George J. Limbert |
| v. | |
| ESTATE OF PETRO ZIRIADA, et al., | **INTERIM REPORT & RECOMMENDATION OF MAGISTRATE JUDGE** |
| Defendants. | |

Before the undersigned is Plaintiff Debra L. Hurst's ("Plaintiff") motion for default judgment on the issue of liability against Defendants Estate of Petro Ziriada ("Defendant Ziriada"), Tee Max Automotive ("Defendant Tee Max") and LG Auto Sales ("Defendant LG")(collectively "Defendants"). ECF Dkt. #4. For the following reasons, the undersigned recommends that the Court GRANT Plaintiff's motion and enter judgment in favor of Plaintiff against Defendants Ziriada and Tee Max, but DENY Plaintiff's motion for default judgment against Defendant LG. *Id*.

## I. **RELEVANT PROCEDURAL HISTORY**

On April 4, 2011, Plaintiff filed a complaint in this Court against Defendants, Defendant Schneider National Carriers, Inc., Defendant John Doe Corporations, and Defendant John Doe. ECF Dkt. #1. Plaintiff alleged that she was operating a tractor trailer while in the course and scope of her employment when Defendant Ziriada, operating a Ford Explorer owned by Defendant Tee Max, was towing a Cadillac owned by Defendant Ziriada using a trailer/tow dolly owned by Defendant LG, and caused a head-on collision with her tractor trailer. ECF Dkt. #1 at 3. Plaintiff alleged that Defendant Schneider National Carriers, Inc. was the owner of the tractor trailer that she was driving at the time. *Id*. Plaintiff has asserted the following claims: negligence against Defendant Ziriada; negligent entrustment against Defendant Tee Max; negligence against Defendant LG; and subrogation rights of her employer. *Id*. at 3-7. Plaintiff included a praecipe for service requesting

that the Clerk of Court prepare summons and complaints to be served by way of certified mail, return receipt requested, on the defendants. *Id*. at 8.

On May 4, 2011, Defendant Schneider filed an answer to the complaint and asserted cross-claims against Defendants, Defendant John Doe Corporations, and Defendant John Doe for subrogation and property damage to its tractor trailer. ECF Dkt. #3.

On November 28, 2011, Plaintiff filed the instant motion for default judgment, alleging that Defendants Ziriada, Tee Max and LG had failed to plead or otherwise defend against her lawsuit as she had sent the summonses and complaints by certified mail and thereafter by ordinary mail. ECF Dkt. #4. On January 5, 2012, the Clerk of Courts entered default against Defendants. ECF Dkt. #5. On the same day, a copy of the default was mailed to Defendants. *Id.*

In the affidavit in support of her request for entry of default, Plaintiff's counsel attests that the complaint was filed on April 4, 2011 and summonses were issued for service upon Defendants, two of which were returned as "unclaimed." ECF Dkt. #4-1 at 1. Plaintiff's counsel represented that service upon Defendants Ziriada and Tee Max were returned "unclaimed." *Id*. Counsel indicated that he followed with ordinary mail service on October 24, 2011 on Defendant Tee Max and on October 28, 2011 to Defendant Ziriada. *Id*. Plaintiff's counsel attests that more than twenty-one days have elapsed since Defendants were served and they had failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure. *Id*.

The undersigned notes that on January 12, 2012, J. Lagoyda, Manager of Defendant LG, sent a letter to Judge Pearson indicating that he had mailed an answer to the complaint on behalf of Defendant LG to counsel for Plaintiff. ECF Dkt. #6. On January 13, 2012, Defendant LG's answer was filed with this Court. ECF Dkt. #7. On January 13, 2012, this case was referred to the undersigned for general pretrial supervision. ECF Dkt. #8.

## II.     LAW AND ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs default judgments and provides that once default is entered, Defendants are considered to have admitted all well-pleaded complaint allegations. *J & J Sports Productions, Inc. v. Lukes*, No. 1:10CV535, 2010 WL 4105663 (N.D. Ohio, Oct. 18, 2010)(Wells, J.), citing *Ford Motor Company v. Cross*, 441 F.Supp.2d 837, 845

(E.D.Mich.2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir.1981)); *Joe Hand Promotions, Inc. v. Willis*, No. 5:08CV2786, 2009 WL 369511, at *1 (N.D. Ohio Feb. 11, 2009)(Dowd, J.). Unlike factual allegations that are accepted as true in a complaint upon the entry of default, however, damages claimed in a complaint are not. *Lukes*, 2010 WL 4105663, at *1, citing *Ford Motor Company*, 441 F.Supp.2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885) and *Antoine v. Atlas Turner, Inc*., 66 F.3d 105, 110-11 (6th Cir.1995)); *Willis*, 2009 WL 369511, at *1. Thus, the Court is required to conduct an evidentiary hearing under Rule 55 if it cannot ascertain the amount of damages upon entry of default. *Lukes*, 2010 WL 4105663, at *1; *Willis*, 2009 WL 369511, at *1. Rule 55(c) provides that the Court may set aside an entry of default if good cause is shown. Fed. R. Civ. P. 55(c).

In the instant case, the Clerk of Courts entered default against Defendants on January 5, 2012. ECF Dkt. #5. As of this date, neither Defendant Ziriada nor Defendant Tee Max have challenged the entry of default against them. Accordingly, the undersigned recommends that the Court GRANT Plaintiff's motion for default judgment against Defendants Ziriada and Tee Max and schedule a hearing, if necessary, on the issue of damages at a later time. ECF Dkt. #4.

The Clerk of Courts also entered default against Defendant LG on January 5, 2012. ECF Dkt. #5. However, the manager of Defendant LG sent a letter to the Court indicating that he had in fact submitted a timely answer, but sent it directly to Plaintiff rather than to the Court. ECF Dkt. #6. The manager of Defendant LG further stated that had Plaintiff's complaint and summons had the Court's address on it, the answer would have been sent directly to the Court. *Id.* Defendant LG requests that default against it be reversed since it had attempted to submit an answer, albeit incorrectly, and was not an attorney and unable to hire one. *Id*. Defendant LG's answer to the complaint was filed with the Court on January 13, 2012. ECF Dkt. #7.

Based upon the explanation provided by Defendant LG, the undersigned recommends that the Court find good cause to set aside the entry of default against Defendant LG. Accordingly, the undersigned recommends that the Court DENY Plaintiff's motion for default judgment against Defendant LG. ECF Dkt. #4.

### III. CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned recommends that the Court:

    (1) GRANT Plaintiff's motion for default judgment against Defendants Ziriada and Tee Max, enter default judgment against Defendants Ziriada and Tee Max, and schedule a hearing on damages at a later time; and

    (2) DENY Plaintiff's motion for default judgment against Defendant LG.

ECF Dkt. #4.

DATE: July 17, 2012

                                                                            /s/ *George J. Limbert*
                                                                            GEORGE J. LIMBERT
                                                                            U.S. MAGISTRATE JUDGE

     ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).