# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **DEBRA L. HURST** | ) | **CASE NO. 5:11CV667** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE BENITA Y. PEARSON** |
| | ) | **Magistrate Judge George J. Limbert** |
| **v.** | ) | |
| | ) | |
| **ESTATE OF PETRO ZIRIADA, et al.,** | ) | **Report and Recommendation of** |
| | ) | **Magistrate Judge** |
| **Defendants.** | ) | |

The above case is before the undersigned[1] on a motion for summary judgment filed by Defendant/Cross-Defendant LG Auto Sales ("LG Auto") as to the claims of Plaintiff Debra L. Hurst ("Plaintiff") and Defendant/Cross-Claimant Schneider National Carriers, Inc. ("Schneider") against LG Auto. ECF Dkt. #38. Schneider has filed a brief in opposition to the motion. ECF Dkt. #40.

For the following reasons, the undersigned recommends that the Court GRANT LG Auto's motion for summary judgment and dismiss all of the claims by Plaintiff and Schneider against LG Auto WITH PREJUDICE. ECF Dkt. #38.

## I.     FACTS AND PROCEDURAL HISTORY

On April 4, 2011, Plaintiff filed a complaint in this Court pursuant to diversity jurisdiction against Defendants Estate of Petro Ziriada ("Defendant Ziriada"), Tee Max Automotive, LG Auto, Schneider, and John Doe Corporations and John Does. ECF Dkt. #1. In the first count of her complaint, Plaintiff asserted a negligence claim against Defendant Ziriada.

---

[1] On January 13, 2012, Judge Pearson referred this case to the undersigned for general pretrial supervision, including the preparation of reports and recommendation on dispositive motions. ECF Dkt. #8.

*Id*. She alleged that she was operating a tractor trailer on January 14, 2010 that was owned by Schneider in the course and scope of her employment and Defendant Ziriada was going in the opposite direction of her on State Route 8 in Titusville, Pennsylvania in a Ford Explorer owned by Defendant Tee Max, and he was towing a Cadillac a tow dolly owned by LG Auto. *Id*. Plaintiff alleged that Defendant Ziriada carelessly, recklessly and/or negligently, drove or caused to be driven, the Ford Explorer, which caused a head-on collision with the tractor-trailer that she was driving. ECF Dkt. #1 at 3. She alleged that Defendant Ziriada failed to maintain an assured clear distance, was speeding, failed to keep a proper lookout, failed to keep his vehicle under proper control, and failed to take proper evasive action to avoid a collision once it became imminent. *Id*. Plaintiff alleged that she suffered serious, painful and permanent injuries due to the collision and she suffered mental anguish as well, which have caused her to expend money for medical treatment presently and in the future. *Id*. at 4. She also alleged lost wages. *Id*.

In her second cause of action of negligent entrustment against Defendant Tee Max, Plaintiff alleged that Defendant Ziriada was the agent, servant and/or employee of Defendant Tee Max at the time of the collision and Defendant Ziriada was operating the Ford Explorer with Defendant Tee Max's permission and consent. ECF Dkt. #1 at 4. Plaintiff avers that Defendant Tee Max was negligent in entrusting Defendant Ziriada with the Ford Explorer as it knew or should have known that Defendant Ziriada was incompetent, negligent and a reckless driver and thus imposed a public danger and danger to Plaintiff specifically. *Id*. at 5. Plaintiff alleged present and future physical and mental injury and expense for medical bills due to the negligent entrustment. *Id*.

In the third count of her complaint, Plaintiff alleged negligence against LG Auto for failing to maintain the tow dolly that Defendant Ziriada used to tow the Cadillac[2]. ECF Dkt. #1

---

[2]   The undersigned notes that in her complaint, Plaintiff avers that the Cadillac that Defendant Ziriada was sent to retrieve was owned by Defendant Ziriada and not by LG Auto. See ECF Dkt. #38 at 1 at 3.

at 5. Plaintiff averred that LG Auto gave permission and consent to Defendant Ziriada to use the tow dolly and failed to maintain the tow dolly in a condition that Defendant Ziriada could use to tow his Cadillac and thus imposed a danger to the public and specifically to Plaintiff. *Id.* Plaintiff alleged that LG Auto failed to exercise reasonable care to prevent the tow dolly from creating an unreasonable risk of harm to Plaintiff while it was being used in a manner that it should have reasonably expected and LG Auto failed to exercise reasonable care in the design, manufacture, construction, installation, and/or modification and warnings placed on the tow dolly to assure that it was safe for its intended use by consumers. *Id*. at 6. Plaintiff averred that the negligent design, manufacture, construction, installation, modification and distribution of the tow dolly by LG Auto was unreasonably and inherently dangerous to human health and safety and became so when used in its usual, customary manner. *Id.* Plaintiff alleged that she suffered physical and mental injuries and expense due to the carelessness, recklessness and negligence of LG Auto. *Id*.

In Count Four of her complaint, Plaintiff alleged the subrogation rights of Schneider, pursuant to Ohio Revised Code §§ 4123.93 and 4123.931, stating that Schneider may claim Ohio Worker's Compensation subrogation rights for worker's compensation benefits that it paid to Plaintiff. ECF Dkt. #1 at 6-7.

On May 4, 2011, Schneider filed its answer and filed cross-claims against Defendant Ziriada, Defendant Ziriada's Estate, Defendant Tee Max, LG Auto, and the John Doe and John Doe Corporation Defendants. ECF Dkt. #3. In its cross-claim, Schneider alleged that it employed Plaintiff who was driving its tractor-trailer on January 14, 2010 when she was injured in the scope of her employment in Pennsylvania when a vehicle driven by Defendant Ziriada struck the truck that Plaintiff was driving. *Id*. at 4. Schneider further alleged that Defendant Tee Max owned the vehicle that Defendant Ziriada was driving and Defendant Tee Max knew and permitted Defendant Ziriada to operate the vehicle. *Id*. Schneider further averred that the tow

dolly that Defendant Ziriada was towing was owned, maintained and/or designed and manufactured by LG Auto and was being used by Defendant Ziriada with the knowledge and permission of LG Auto. *Id.* Schneider alleged that Defendant Ziriada operated the vehicle carelessly, recklessly and/or negligently when he collided with Plaintiff's vehicle, and Defendant Tee Max carelessly, recklessly and negligently entrusted its vehicle to him and LG Auto carelessly, recklessly and negligently entrusted its tow dolly to Defendant Ziriada and failed to exercise reasonable care in design, manufacturing, construction, installation, and/or modification and warnings placed on the tow dolly. *Id.*

Schneider further averred that Plaintiff filed a worker's compensation claim based upon the injuries she sustained in the collision and her injuries were allowed by the Bureau. ECF Dkt. #3 at 5. Schneider alleged that as a direct and proximate cause of the careless, reckless and negligent acts of Defendants Ziriada, Tee Max and LG Auto, Schneider incurred expenses for Plaintiff's medical expenses, lost time and pain and suffering as her employer and incurred expenses in defending the worker's compensation claim. *Id.* Schneider alleged that it was entitled to full subrogation for all monies and expenses incurred for Plaintiff's worker's compensation claim pursuant to Ohio Revised Code §§ 4123.93 and 4123.931.

In the second count of its cross-claim, Schneider alleged property damage against Defendants Ziriada, Tee Max, LG Auto, John Does and John Doe Corporations, for damage to the tractor-trailer that it owned that was caused by the careless, reckless and negligent acts of Defendants Ziriada, Tee Max, LG Auto, John Does and John Doe Corporations. ECF Dkt. # 3 at 5-6.

On January 13, 2012, LG Auto filed its answer to Plaintiff's complaint, after the Clerk of Court entered default against it but before Plaintiff's motion for default judgment was decided. ECF Dkt. #7.

On August 1, 2012, this Court adopted the undersigned's Report and Recommendation

and granted Plaintiff's motion for default judgment against Defendants Ziriada and Tee Max. ECF Dkt. #18. The Court denied default judgment against LG Auto. *Id.*

On October 16, 2012, with Court permission and through counsel, LG Auto filed an answer to Schneider's cross-claim. ECF Dkt. #s 28, 29.

On February 25, 2013, LG Auto filed the instant motion for summary judgment. ECF Dkt. #38. On April 5, 2013, Schneider filed a brief in opposition to the motion for summary judgment. ECF Dkt. #40.

## II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides in pertinent part that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Fed. R. Civ. P. 56, Advisory Committee Notes ("The standard for granting summary judgment remains unchanged" despite 2010 amendments to Rule 56). Rule 56(c)(1) outlines the procedures for supporting or opposing a motion for summary judgment, stating that:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009). Rule 56(c)(3) provides that the Court need only consider cited materials in determining a motion for summary judgment, but the Court may consider other materials presented in the record but not called to the Court's attention by the parties. Fed. R. Civ. P.

56(c)(3), advisory committee notes to 2010 Amendments.

The party moving for summary judgment has the burden of showing there exists no genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  If the moving party meets his burden, the nonmoving party must take affirmative steps to avoid the entry of a summary judgment.  *See* Fed.R.Civ.P. 56(e). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough; the evidence must be such that a reasonable jury could find for the nonmovant.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**III.**   **LAW AND ANALYSIS**

The undersigned notes that the instant case is based upon diversity jurisdiction and a federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state.  *Klaxon v. Stentor Elec. Mfg. Co., Inc*., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Miller v. State Farm Mutual Auto. Ins. Co.*, 87 F.3d 822, 824 (6th Cir. 1996). Accordingly, this Court looks to Ohio choice of law principles in order to determine the applicable state law.  The Ohio Supreme Court has adopted the Restatement (Second) of Conflict of Law for torts which states that the analysis begins with a presumption "that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit." *Morgan v. Biro Mfg. Co., Inc.,* 15 Ohio St.3d 339, 341-342, 474 N.E.2d 286 (1984). This is the rule of lex loci delicti.  However, "in Ohio, a party may overcome the presumption that the law of the place where the injury occurs will be applied to a tort action, if it can demonstrate that another state has a more significant relationship to the action."  *Muncie Power Prods. v. United Techs. Auto. Inc*., 328 F.3d 870, 874 (6th Cir. 2003).

Section 145 of the Restatement (Second) of Conflict of Laws provides that in order to determine the state with the most significant relationship, the Court consider five factors:  (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place

where the relationship between the parties, if any, is located; and (5) any factors from Section Six of the Restatement that the Court deems relevant. Restatement (Second) of Conflicts of Laws, § 145(2). Section Six factors principles to consider include: the needs of the interstate and international system; the relevant policies of the forum; the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; the protection of justified expectations; the basic policies underlying the particular field of law; certainty, predictability, and uniformity of result; and the ease in the determination and application of law to be applied. *Morgan*, 15 Ohio St.3d at 342, n. 6.

The undersigned recommends that the Court find that Ohio law applies. While Pennsylvania is the place of the injury and the place where the conduct causing the injury occurred, Plaintiff resides in Ohio, Schneider is a Wisconsin Corporation authorized to do business in Ohio and Schneider paid worker's compensation benefits under Ohio law to Plaintiff in Ohio. *Id.* Further, the parties rely solely upon Ohio law in their filings with this Court. The Court therefore need not inquire into choice-of-law issues when the parties do not dispute that Ohio law applies. *See Wilton Corp. V. Ashland Castings Corp*., 188 F.3d 670, 673, n.2 (6th Cir. 1999), citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 n. 4 (2d Cir.1998) and *American Fuel Corp. v. Utah Energy Development Co.*, 122 F.3d 130, 134 (2d Cir.1997).

### A.    PLAINTIFF'S NEGLIGENCE CLAIM AGAINST LG AUTO AND PLAINTIFF AND SCHNEIDER'S NEGLIGENT MANUFACTURE, DESIGN, REPAIR CLAIMS

LG Auto first asserts that it is entitled to summary judgment on Plaintiff and Schneider's claims of negligence and negligent manufacture, design or repair because they cannot show that LG Auto owned the tow dolly used by Defendant Ziriada at the time of his collision with Plaintiff or that, even if LG Auto owned the tow dolly, LG Auto met the definition of "manufacturer" or "supplier" as defined by the appropriate sections of the Ohio Revised Code. ECF Dkt. #38 at 154-156, 161-162. The undersigned recommends that the Court GRANT LG Auto's motion for summary judgment on these claims.

In her complaint, Plaintiff alleges that LG Auto was negligent in failing to maintain the tow dolly that it owned and Defendant Ziriada used to tow the Cadillac. ECF Dkt. #1 at 5. In

order to succeed on a cause of action under Ohio law for negligence, a plaintiff must show "(1) the existence of a legal duty; (2) the defendant's breach of that duty; and (3) injury that it the proximate cause of the defendant's breach." *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 773 N.E.2d 1018, 1026, 2002-Ohio-4210 (2002), citing *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). Determining whether a duty exists is a question of law for the Court to determine. *Id.* "Duty" in Ohio tort law "refers to the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care toward the plaintiff." *Commerce & Indust. Ins. Co. v. City of Toledo*, 45 Ohio St.3d 96, 98, 543 N.E.2d 1188, 1192 (2002), citing *Baltimore & Ohio Southwestern Ry. Co. v. Cox*, 66 Ohio St. 276, 64 N.E. 119 (1902).

Here, LG Auto asserts that it is entitled to summary judgment on Plaintiff's negligence claim because it did not own the tow dolly that Defendant Ziriada was using at the time of the accident and Plaintiff cannot show that it owned the tow dolly and thus cannot establish that LG Auto owed her a duty in order to sustain her negligence claim. Plaintiff has not responded to the motion for summary judgment. Where, as here, a motion for summary judgment is unopposed, the district court at a minimum must examine the motion to ensure that the moving party has discharged its initial burden of demonstrating the absence of a genuine issue of material fact. *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 407 (6th Cir.1992); *see also* L.R. 7.1(d) ("Unless otherwise ordered by the Judicial Officer, each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion. . If a party opposing a motion was served with the motion under Fed. R. Civ. P. 5(b)(2)(C), (D), (E) or (F), three days shall be added to the prescribed period as provided in Fed. R. Civ. P. 6(d)."). The trial court must intelligently and carefully review the legitimacy of the motion, considering the possibility of evidentiary misstatements by the moving party and keeping in mind the context in which the evidence arose. *Guarino*, 980 F.2d at 407.

Notwithstanding the foregoing, the trial court properly relies on the facts provided by the moving party once the court is satisfied that the movant has not misrepresented the facts as established by the record as a whole. *Guarino*, 980 F.2d at 404-09. The Sixth Circuit has

explained that nothing in the Federal Rules of Civil Procedure or case law supports an argument that the district court must conduct its own probing investigation of the record in order to discover an issue of material fact when a summary judgment motion is unopposed. *Id*. at 405-06 (holding that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion"). Thus, the district court is justified in relying on uncontested facts set forth in a summary judgment motion. *Id*. at 404-09.

In this case, the undersigned has reviewed the motion of LG Auto and applied the above-stated standard. Moreover, the undersigned has reviewed the record. The Court finds that Plaintiff has not and cannot establish that LG Auto owed her a duty of care as required by the negligence doctrine under Ohio law because she has failed to meet her burden of raising a genuine issue of material fact that LG owned the tow dolly that Defendant Ziriada was using at the time of the accident. Accordingly, the undersigned recommends that the Court GRANT LG Auto's motion for summary judgment and DISMISS WITH PREJUDICE Plaintiff's negligence claim against LG Auto.

Further, and even if she did meet her burden of establishing that LG Auto owned the tow dolly, the undersigned recommends that the Court GRANT LG Auto summary judgment on the additional claims by Plaintiff and Schneider that LG Auto negligently designed, manufactured or failed to maintain the trailer/tow dolly that was involved in the collision. ECF Dkt. #1 at 5-6, 33-34. As pointed out by LG Auto in its motion for summary judgment, in order to meet her burden on summary judgment, Plaintiff must establish that LG Auto meets the definition of Section 2307.71 or 2307.71(1) of the Ohio Revised Code of a "manufacturer" or "supplier" in order to proceed on claims of negligent manufacture, design or repair. ECF Dkt. #38 at 161-162. LG Auto submits that it was neither a "manufacturer" nor "supplier" of the tow dolly as defined in these sections, even if Plaintiff could show its ownership of the dolly. Based upon a review of the definitions of those sections, Plaintiff's lack of response to the motion for summary judgment, and the lack of evidence showing that LG Auto meets the definition of "manufacturer" or "supplier" under the Ohio Revised Code, the undersigned recommends that the Court GRANT

LG Auto's motion for summary judgment on Plaintiff and Schneider's claims of negligent manufacture, design and repair.

### B.   NEGLIGENT ENTRUSTMENT

LG Auto also moves for summary judgment against claims of negligent entrustment asserted by Plaintiff and Schneider.  ECF Dkt. #38 at 154-156.  The undersigned has reviewed Plaintiff's complaint against LG Auto and finds that it does not aver a claim of negligent entrustment, but out of an abundance of caution, this claim will be addressed in conjunction with the claim of negligent entrustment brought against LG Auto by Schneider.  LG Auto reasserts for this claim that neither Plaintiff nor Schneider can establish that it owned the tow dolly attached to Defendant Ziriada's vehicle at the time of the collision, and LG Auto additionally submits that even if they could establish its ownership, they cannot establish that LG Auto knew that Defendant Ziriada was inexperienced or incompetent at the time of the alleged entrustment.  *Id*. at 155.

The Ohio Supreme Court has defined the elements of a negligent entrustment claim:

> The owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent driver whose negligent operation results in the injury.

*Gulla v. Straus*, 154 Ohio St. 193, 193, 93 N.E.2d 662 (1950).  Negligent entrustment liability in Ohio "is generally confined to cases where [the owner] entrusts his motor vehicle to one whose appearance or conduct is such as to indicate his incompetency or inability to operate the vehicle with due care." *Grieser v. Montgomery*, No. 3:11CV587, 2012 WL 1906379, at *5 (N.D. Ohio, May 25, 2012), unpublished, quoting *Gulla*, 154 Ohio St. at 199.  Where an entrustee's incompetence is not apparent to the entruster, "it must be affirmatively shown that the entruster had at that time knowledge of such facts and circumstances relating to the incompetency of the entrustee to operate the motor vehicle as would charge the entruster with knowledge of such incompetency." *Id*.

In the instant case, neither Plaintiff nor Schneider produce evidence rebutting LG Auto's assertion that it had no actual or implied knowledge that Defendant Ziriada was an inexperienced

or incompetent driver. Plaintiff has filed no opposition to LG Auto's motion for summary judgment and Schneider focuses its opposition motion solely on establishing LG Auto's vicarious liability through a respondeat superior theory, arguing that genuine issues of material fact exist showing that an employer/employee or agency relationship existed between LG Auto and Defendant Ziriada. ECF Dkt. #40 at 171-173.

With no genuine issue of material fact raised as to this claim, the undersigned recommends that the Court GRANT LG Auto's motion for summary judgment and dismiss the claims of Plaintiff and Schneider alleging negligent entrustment against LG Auto.

### C.  RESPONDEAT SUPERIOR

Lastly, LG Auto moves for summary judgment on Schneider's claim of respondeat superior liability. ECF Dkt. #38 at 156-161. LG Auto asserts that Schneider cannot establish Defendant Ziriada was an agent or employee of LG Auto and therefore cannot proceed on a theory of respondeat superior liability. *Id.*

The Ohio Supreme Court has held that "[g]enerally, an employer or principal is vicariously liable for the torts of its employees or agents under the doctrine of respondeat superior, but not for the negligence of an independent contractor over whom it retained no right to control the mode and manner of doing the contracted work." *Comer v. Risko,* 106 Ohio St.3d 185, 188-189, 833 N.E.2d 712, 2005-Ohio-4559 (2005), quoting *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 438, 628 N.E.2d 46. In determining whether an individual is an employee or an independent contractor, the chief test is whether the employer or the one responsible to the employer is in control of the manner or means of performing the work. *Pusey v. Bator*, 94 Ohio St.3d 275, 278-279, 762 N.E.2d 968, 2002-Ohio-795 (2002), quoting *Bobik v. Indus. Comm.*, 146 Ohio St. 187, 64 N.E.2d 829, 32 O.O. 167, paragraph one of the syllabus. If the employer retains the right to control the manner and means of performing the work, than an employer-employee relationship exists. *Id.* If the one responsible to the employer retains the right, than an independent contractor relationship exists. *Id.*

Determining who has the right to control requires examining the individual facts of each case. *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988). These factors include

considering "who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes traveled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts." *Id.* "Generally, where the evidence is not in conflict or the facts are admitted, the question of whether a person is an employee or an independent contractor is a matter of law to be decided by the court." *Id.* However, the issue becomes a question for the jury where the claimant offers some evidence that the individual was an employee rather than an independent contractor. *Id.* at 146–147. The trial court must submit an essential issue to the jury where there is sufficient evidence to allow reasonable minds to reach different conclusions. *Id.*

In opposing the motion for summary judgment on this issue, Schneider contends that genuine issues of material fact exist regarding the respondeat superior relationship between LG Auto and Defendant Ziriada. ECF Dkt. #40 at 171. Schneider first relies upon the fact that Mr. Lagoyda asked Defendant Ziriada to transport the Cadillac from Pennsylvania back to LG Auto, a car dealership in New York that bought the Cadillac and titled it in its name. *Id.* Schneider concludes that this shows that LG Auto sent Defendant Ziriada to Pennsylvania to further LG Auto's business interests. Schneider also points to the $200 payment to Defendant Ziriada by Mr. Lagoyda as evidence of an agency or employment relationship. ECF Dkt. #40 at 172.

While these two factors suggest that Defendant Ziriada was an employee, they "do not offset the overwhelming evidence that compels the opposite conclusion" that Defendant Ziriada was an independent contractor. *See Weary v. Cochran*, 377 F.3d 522, 528 (6th Cir. 2004)(while two factors weighed in favor of finding that plaintiff was an employee, they were insufficient to overcome summary judgment when overwhelming evidence supported contrary conclusion). As LG Auto points out, Defendant Ziriada used his own vehicle to haul the Cadillac, no evidence shows that LG Auto owned the tow dolly, LG Auto gave Defendant Ziriada no instructions as to the route that he should take to retrieve the Cadillac and return to LG Auto, and LG Auto set no deadline for Defendant Ziriada to deliver the Cadillac to its place of business. ECF Dkt. #38 at 157. LG Auto also quotes the deposition testimony of John Lagoyda, the owner of LG Auto, who described his relationship with Defendant Ziriada as "friends" and stated that Defendant

Ziriada did not work for him, but rather, "helped" him out a couple of times, including the day of the instant accident. *Id.,* citing Lagoyda Depo. at 13. According to LG Auto, Mr. Lagoyda testified that Defendant Ziriada was making a delivery for him on the date of the accident because:

> –I told him, "Please help me." He said, "No problem. Give me for gas some money, for lunch," like that. I told him, "No problem."

*Id.* LG Auto further quotes Mr. Lagoyda's deposition testimony that he paid Defendant Ziriada "maybe 200" for food and gas for the Defendant Ziriada's trip to get the Cadillac. ECF Dkt. #38 at 158, citing Lagoyda Depo. at 13-14. Mr. Lagoyda further testified that, "We never make it like some business or something. We just help each other, but never make it some money like that, you know." *Id.*

Based upon these facts, the undersigned recommends that the Court find that Defendant Ziriada was at most an independent contractor for LG Auto. Thus, the undersigned recommends that the Court GRANT LG Auto's motion for summary judgment on Schneider's respondeat superior claim.

**IV**. **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court GRANT LG Auto's motion for summary judgment (ECF Dkt. #38) and dismiss all of Plaintiff and Schneider's causes of action against LG Auto WITH PREJUDICE.

DATE: April 30, 2013          */s/ George J. Limbert*
                                 GEORGE J. LIMBERT
                                UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).