**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DEBRA L. HURST**        ) | **CASE NO. 5:11CV667** |
|     **Plaintiff,**        ) | |
|             ) | **JUDGE BENITA Y. PEARSON** |
|             ) | **Magistrate Judge George J. Limbert** |
|     v.        ) | |
|             ) | |
| **ESTATE OF PETRO ZIRIADA, et al.,**   ) | **Report and Recommendation of** |
|             ) | **Magistrate Judge** |
|     **Defendants.**        ) | |

The above case is before the undersigned pursuant to an Order of Reference by the Honorable Judge Pearson for a hearing on damages as alleged by Plaintiff Debra L. Hurst ("Plaintiff") and Defendant/Cross-Claimant Schneider National Carriers, Inc. ("Schneider") against Defendants Estate of Petro Ziriada ("Ziriada") and Defendant Tee Max Automotive ("Tee Max"). ECF Dkt. Order dated 2/1/2013, referring to ECF Dkt. #18. On June 27, 2013, the undersigned held the damages hearing, with Plaintiff Hurst present and represented by Attorney Mario Gaitanos, and Schneider present and represented by Attorney Timothy Zix.

For the following reasons, the undersigned recommends that the Court award damages to Plaintiff in the amount of $242,500.00 against Ziriada and Tee Max jointly and/or severally, and award Schneider damages in the amount of $68,768.15 against Ziriada and Tee Max jointly and/or severally.

**I.    FACTS AND PROCEDURAL HISTORY**

On April 4, 2011, Plaintiff filed a complaint in this Court pursuant to diversity jurisdiction against Defendants Ziriada, Tee Max Automotive, LG Auto, Schneider, John Doe

Corporations, and John Does. ECF Dkt. #1. Plaintiff asserted claims of negligence and negligent entrustment against these Defendants resulting from an motor vehicle collision on January 14, 2010, that occurred on State Route 8 in Titusville, Pennsylvania while she was in the course and scope of her employment with Schneider. In Count Four of her complaint, Plaintiff alleged the subrogation rights of Schneider, pursuant to Ohio Revised Code §§ 4123.93 and 4123.931, stating that Schneider may claim Ohio Worker's Compensation subrogation rights for worker's compensation benefits that it paid to Plaintiff. *Id*. at 6-7.

On May 4, 2011, Schneider filed its answer and filed cross-claims against Ziriada, Ziriada's Estate, Tee Max, LG Auto, and the John Doe and John Doe Corporation Defendants. ECF Dkt. #3. Schneider alleged that it employed Plaintiff at the time of the motor vehicle accident on January 14, 2010 and Plaintiff filed a worker's compensation claim based upon the injuries she sustained in the collision and her injuries were allowed by the Bureau. ECF Dkt. #3 at 5. Schneider alleged that as a direct and proximate cause of the careless, reckless and negligent acts of Ziriada, Tee Max and LG Auto, Schneider incurred expenses for Plaintiff's medical expenses, lost time, and pain and suffering as her employer, and it incurred expenses in defending the worker's compensation claim. *Id.* Schneider alleged that it was entitled to full subrogation for all monies and expenses incurred for Plaintiff's worker's compensation claim pursuant to Ohio Revised Code §§ 4123.93 and 4123.931. Schneider also alleged property damage against the other Defendants. *Id*. at 5-6.

On August 1, 2012, this Court adopted the undersigned's Report and Recommendation and granted Plaintiff's motion for default judgment against Ziriada and Tee Max. ECF Dkt. #18. On May 15, 2013, this Court adopted the undersigned's Report and Recommendation and granted summary judgment in favor of LG Auto against all claims asserted against it by Plaintiff and Schneider. ECF Dkt. #43. The Court dismissed with prejudice all of the claims of Plaintiff and Schneider against LG and ordered the action to proceed against Ziriada and Tee Max only.

*Id.* On June 14, 2013, this Court granted Schneider's motion to voluntarily dismiss its property damage claim without prejudice. ECF Dkt. #45. Plaintiff never identified any John Doe or John Doe Corporations as captioned in her complaint.

The undersigned scheduled the damages hearing as to Plaintiff's unopposed motion for default judgment against Ziriada and Tee Max pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for June 27, 2013 at 2:00 p.m. A copy of this Order was mailed to Ziriada and Tee Max on June 18, 2013. ECF Dkt. #46; ECF Dkt. Entry 6/18/2013. On June 27, 2013, the undersigned held the instant hearing on damages,[1] whereby Plaintiff testified and proffered evidence and Schneider proffered evidence as well. Ziriada and Tee Max failed to appear in person or through counsel, and failed to otherwise contact the Court, despite being served with the summons and complaint and a copy of the order scheduling the damages hearing.

The undersigned has reviewed the file, including the following documents that were submitted in support of damages:

> Plaintiff's Exhibit 1 - copy of police crash report from January 14, 2010
>
> Plaintiff's Exhibit 2 - photographs of the tractor trailer that Plaintiff was driving taken by Plaintiff's son the day after the crash
>
> Plaintiff's Exhibit 3 - Affidavit by Bill Clark, a Senior Claims Consultant for Helmsman Management Services, Inc., the third party administrator for Schneider's Ohio Bureau of Worker's Compensation claims.
>
> Plaintiff's Exhibit 4 - A damages statement drafted by Plaintiff's counsel.

## II.  STANDARD OF REVIEW

Rule 55(b)(2)(B) of the Federal Rules of Civil allows the Court to conduct a hearing to determine the amount of damages when entering a default judgment. It states:

---

[1] The undersigned notes that before proceeding with the damages hearing, the undersigned, Plaintiff, Plaintiff's counsel, and Schneider's counsel, who was the only other party at the damages hearing, had discussions and Plaintiff agreed to waive her right to a jury on the damages issue. Plaintiff filed said waiver in writing on June 28, 2013. ECF Dkt. #49. Schneider had previously filed a jury demand waiver on June 21, 2013. ECF Dkt. #47.

  **2)** ***By the Court.*** In all other cases, the party must apply to the court for a default judgment. . . The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

  **(A)** conduct an accounting;

  **(B)** determine the amount of damages;
  **(C)** establish the truth of any allegation by evidence; or

  **(D)** investigate any other matter.

Fed. R. Civ. P. 55(b).

### III.   LAW AND ANALYSIS

This Court had adopted the undersigned's prior recommendation that Ohio law governed the instant case, despite the fact that Pennsylvania was the place of the injury and the place where the conduct causing the injury occurred. ECF Dkt. #s 42, 43. The Court had adopted the undersigned's recommendation that Ohio law applied since Plaintiff resides in Ohio, Schneider is a Wisconsin Corporation authorized to do business in Ohio, Schneider paid worker's compensation benefits under Ohio law to Plaintiff in Ohio, and the parties had relied solely upon Ohio law in their filings with this Court.

#### A.   PLAINTIFF'S DAMAGES

At the hearing before the undersigned, Plaintiff took the stand and testified as to the extent of her injuries sustained in the crash. She testified that she sustained neck, shoulder and psychological injuries, all for which she received treatment. Plaintiff explained that Mr. Ziriada, the other driver involved in the crash, died at the scene, which had a tremendous impact on her overall and her mental ability to return to driving. Plaintiff testified that she filed a worker's compensation claim, which was paid by Schneider, and she suffered pain and mental anguish, loss of ability to perform everyday activities such as driving, a loss of ability to enjoy life, and she testified that she continues to suffer such pain and mental anguish and will continue to suffer such pain and anguish in the future.

4

In her itemization of damages submitted as Plaintiff's Exhibit Number 4 at the hearing, Plaintiff outlined the following:

| | |
|---|---:|
| Past Medical Expenses paid by SI [self-insured] Employer | $15,692.94 |
| Past Indemnity Expenses paid by SI Employer | $53,075.21 |
| Past Pain and Mental Anguish (1,245 days @ $20.00/day) | $24,900.00 |
| Past Loss of Activity to Perform Everyday Activities and to Enjoy Life (1,245 days @ $20.00/day) | $24,900.00 |
| Future Pain and Mental Anguish (31.1 years @ $20.00/day) | $227,030.00 |

Plaintiff's Exhibit #4. Plaintiff's total noneconomic damages equal $276,830.00.

However, the undersigned notes that section 2315.18(B)(2) of the Ohio Revised Code limits the amount of compensatory damages for noneconomic loss that is recoverable in a tort action for injury or loss to a person. Ohio Rev. Code § 2315.18(B)(2). "Noneconomic loss" is defined as "nonpecuniary harm that results from an injury or loss to person or property that is subject of a tort action, including, but not limited to, pain and suffering...mental anguish, and other intangible loss." Ohio Rev. Code. § 2315.18(a)(4). The statute further provides that the noneconomic loss amount shall not exceed the greater of $250,000.00 or an amount equal to three times the economic loss of the plaintiff, for a maximum of $350,000.00 for each plaintiff in the tort action or a maximum of five hundred thousand dollars for each occurrence that is the subject of the tort action. *Id.*

In this case, Plaintiff's economic loss appears to be under $250,000.00 since her past medical expenses of $15,692.94 (paid by Schneider as self-insured employer) plus her past

indemnity expenses of $53,075.21 (paid by Schneider), multiplied by 3 as delineated by Ohio Revised Code § 2315.18(B)(2)) equals less than $250,000.00. Thus, if proven, the Court could award up to the greater amount of $250,000.00 in compensatory damages for Plaintiff's noneconomic loss.

The undersigned recommends that the Court AWARD Plaintiff compensatory damages for noneconomic loss in the amount of $250,000.00 against Ziriada and Tee Max jointly and/or severally. Plaintiff reasoned that a total of $24,900.00 in noneconomic damages for past pain and suffering was a reasonable amount. Plaintiff's Exhibit 4. In calculating this figure, Plaintiff explained at the hearing that this amount represents past pain and mental anguish suffered by Plaintiff as a result of the motor vehicle crash from the date of the crash, January 14, 2010, up to mid-June of 2013, near the date of the damages hearing. *Id*. Plaintiff took the 1,245 days of pain and mental anguish suffered from the date of the crash to present, and multiplied it by $20.00 per day, an amount Plaintiff's counsel represented was found reasonable in similar cases. *Id*. Plaintiff also calculated a total amount of $24,900.00 to represent past loss of her ability to perform everyday activities and to enjoy life, again reasoning that a total of 1,245 days from the date of the crash to near present, multiplied by $20.00 per day, was a reasonable amount. *Id*. As to future pain and mental anguish, Plaintiff represented that her life expectancy from her current age of 48 would be approximately another 31.1 years based upon the tables of life expectancy and she took the amount of $20.00 per day and multiplied that by 31.1 years for a total of $227,030.00 for future pain and mental anguish damages. *Id.*

The undersigned recommends that the Court find these amounts and calculations are reasonable and supported. At the hearing, Plaintiff credibly testified as to the impact of the crash on her physical condition and her past, current, and likely future pain and the loss of her ability to perform daily activities and to enjoy life. She testified that she suffered and continues to suffer neck and shoulder pain from the neck strain and fractured collarbone sustained in the

crash. She received cortisone shots and participated in physical therapy. She also related that the pain makes it difficult for her to drive for long hours, which is required for her employment. She further testified about the impact of the crash on her mental condition, which also resulted in past, current and future mental anguish and a loss of ability to perform daily activities and to enjoy life. She indicated that she suffered from depression after the accident due to her physical injuries and the fact that Mr. Ziriada died at the scene. She also was diagnosed with Post-Traumatic Stress Disorder and Anxiety Disorder as a result of the crash, and could not return to driving her truck for about one and one half years because of the fear of being involved in another crash. She also indicated that she sought counseling and could not sleep well for months following the crash.

Based upon this testimony, the undersigned recommends that the Court find the following compensatory damage awards in favor of Plaintiff to be reasonable:

1. An award of $24,900.00 (1,245 days multiplied by $20.00 per day) for past pain and mental anguish;

2. An award of $24,900.00 (1,245 multiplied by $20.00 per day) for past loss of ability to perform everyday activities; and

3. An award of $227,030.00 (31.1 years @ $20.00 per day) for future pain and mental anguish.

This amounts to a total of $276,830.00. However, Plaintiff's counsel reported at the hearing that Plaintiff had received or would be receiving a settlement amount of $7,500.00 from LG Auto, who was dismissed from this lawsuit. Plaintiff's counsel also agreed that this amount should be offset from any amount awarded Plaintiff in this damages hearing. While the undersigned finds this amount to be supported and reasonable, it exceeds the statutory cap of Ohio Revised Code section 2315.18(B)(2) for noneconomic loss. Accordingly, the undersigned recommends that the Court award Plaintiff the statutory cap of $250,000.00 in damages, less the offset amount of

$7,500.00 for a total of $242,500.00 for noneconomic loss against Ziriada and Tee Max jointly and/or severally.

### B. SCHNEIDER'S DAMAGES

In addition, the undersigned recommends that the Court award Schneider compensatory damages against Ziriada and Tee Max jointly and/or severally for its subrogation claim under Ohio Revised Code sections 4123.93 and 4123.931. At the damages hearing, Plaintiff testified that Schneider was her self-insured employer at the time of the crash and she filed a Worker's Compensation claim for her medical bills and indemnity which was paid by Schneider in the amounts of $15,692.94 and $53,075.21, respectively. Plaintiff also provided an affidavit from Bill Clark, a Senior Claims Consultant for Helmsman Management Services, LLC., the third party administrator for Schneider's Ohio Bureau of Worker's Compensation claims. Plaintiff's Exhibit 3. Mr. Clark indicated in his affidavit that as a result of Plaintiff's injuries sustained in the motor vehicle crash on January 14, 2010, Schneider paid $15,692.94 in medical bills on behalf of Plaintiff and paid Plaintiff $53,075.21 in indemnity. *Id.* Mr. Clark also attached summaries and bills reflecting the monies paid out by Schneider as a result of Plaintiff's injuries sustained in the January 14, 2010 motor vehicle crash. *Id.* Since the amounts paid by Schneider are well-supported and reasonable, and it is entitled to damages as a result of its subrogation claim, the undersigned recommends that the Court award damages to Schneider in the amount of $68,768.15.

### IV. CONCLUSION AND RECOMMENDATION

For the following reasons, the undersigned recommends that the Court award compensatory noneconomic damages to Plaintiff in the amount of $242,500.00 against Ziriada

and Tee Max jointly and/or severally, and award Schneider compensatory damages for subrogation in the amount of $68,768.15 against Ziriada and Tee Max jointly and/or severally.

DATE: July 3, 2013  /s/ *George J. Limbert*
GEORGE J. LIMBERT

UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).