PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBRA HURST, ) | |
| ) | CASE NO. 5:11CV00667 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| ESTATE OF PETRO ZIRIADA, *et al.*, ) | |
| ) | |
| Defendants. ) | **ORDER** |

  This action arises from a motor vehicle accident in which Plaintiff Debra Hurst was injured when the tractor-trailer she was operating collided with a Ford Explorer operated by Petro Ziriada. Plaintiff filed a complaint alleging negligence against the Estate of Petro Ziriada ("Ziriada"), Tee Max Automotive ("Tee Max"), and LG Auto Sales ("LG Auto"). ECF No. 1. Plaintiff also asserted the subrogation rights of her employer, Schneider National Carriers, Inc. ("Schneider"), averring that Schneider may claim subrogation with respect to workers' compensation benefits and other expenses that Schneider paid to Plaintiff. ECF No. 1 at 6-7. Subsequently, Schneider filed a Cross-Claim asserting its entitlement to subrogation, as well as its own claims of negligence against Ziriada, Tee Max, and LG Auto. ECF No. 3.

  This lawsuit was referred to Magistrate Judge George Limbert for general pretrial supervision. ECF No. 38. On the basis of the magistrate judge's report and recommendations, the Court granted default judgment against Ziriada and Tee Max; and dismissed all of Plaintiff's and Schneider's causes of action against LG Auto with prejudice. ECF Nos. 18 and 43. The Court also granted Schneider's motion to dismiss its own negligence claims, leaving only its subrogation claims

(5:11CV00667)

against the remaining defendants in contention.

After holding a hearing on damages, the magistrate judge issued a report and recommendation on July 3, 2013, recommending that the Court award damages to Plaintiff in the amount of $242,500 against Ziriada and Tee Max jointly and/or severally, and award Schneider damages in the amount of $68,768.15 against Ziriada and Tee Max jointly and/or severally. ECF No. 51. 28 U.S.C. § 636 provides that a party may serve and file specific written objections within fourteen days after being served with the recommendations of the magistrate judge. Failure to object within this time waives a party's right to appeal the district court's judgment. *Thomas v. Arn*, 474 U.S. 140, 145, 106 S. Ct. 466, 88 L. Ed. 2d (1986). Moreover, 28 U.S.C. § 636 does not require a district judge to review a magistrate judge's report to which no objections are filed. *Id.* at 149. Although the cutoff to file written objections was July 17, 2013, no objections have been filed. Furthermore, the Court has reviewed the report and recommendation prepared by the magistrate judge and finds it to be supported by the law and the facts. Accordingly, the Court adopts the report and recommendation in its entirety. Judgment in this case is rendered in favor of Plaintiff and Schneider in the amounts described in the magistrate judge's report. This ruling closes the case.

    IT IS SO ORDERED.

| | |
|---|---|
| July 22, 2013 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |